# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRED SARGENT, JO LYN SARGENT, BARBARA SARGENT, RONALD SARGENT, ANNETTE HALLOCK, DENNIS HALLOCK, and THE HARRY R. AND GLORIA M. SCHMITT REAL ESTATE PROTECTOR TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> SWEPI LP, <br><br> Defendant. | No. 4:19-CV-1896 <br><br> (Judge Brann) |

## ORDER

**MARCH 24, 2020**

**BACKGROUND:**

Defendant SWEPI LP[1] moves to (1) partially dismiss Plaintiffs' Counts I and II; and (2) dismiss Plaintiffs' Count III in its entirety.[2] SWEPI argues that Plaintiffs have failed to state a claim.[3] Plaintiffs have not opposed SWEPI's motion.

---

[1] SWEPI is now the lone Defendant in this case. The Court dismissed Plaintiffs' claims against Defendant East Resources on March 20, 2020. *See* ECF No. 22.

[2] The Court notes here that it sees no need to act on Plaintiffs' Notice of Voluntary Dismissal, ECF No. 12. In the Court's view, Plaintiffs' Motion to Remand, ECF No. 13, mooted Plaintiffs' earlier Notice. The Court has disposed of Plaintiffs' Motion to Remand. *See* ECF No. 22.

[3] *See* ECF No. 7.

Count I seeks a declaratory judgment saying that certain oil leases (the "Leases"; as identified in Plaintiffs' Complaint, "Lease 1" and "Lease 2") are expired, void, and no longer valid.[4] Count II(A) asserts a breach of the implied duty of good faith and fair dealing via bad faith unitization.[5] Count II(B) asserts a breach of the implied covenant to develop and produce oil and gas.[6] And Count III asserts a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law.[7]

The Court finds that for each of the above Counts, Plaintiffs have failed to state a claim against SWEPI. The Court analyzes the deficiencies in each Count below. For each, the Court reproduces the relevant dispositive facts from Plaintiffs' Complaint.[8] When considering a motion to dismiss for failure to state a claim, such as SWEPI's motion before the Court, the Court "accept[s] as true all plausible facts alleged in [the plaintiff's] complaint and draw[s] all reasonable inferences in her favor," "constru[ing] the complaint in the light most favorable to [her.]"[9] In keeping with this standard, the Court accepts the below facts as true for present purposes (with the exception of legal conclusions).

---

[4] *See* ECF No. 1-1 at ¶¶ 118-39.

[5] *See id.* at ¶¶ 140-56.

[6] *See id.* at ¶¶ 157-64.

[7] *See id.* at ¶¶ 165-70.

[8] *See generally* ECF No. 1-1.

[9] *Bagic v. Univ. of Pittsburgh*, 773 F. App'x 84, 87 (3d Cir. 2019) (citations omitted).

## I. COUNT I

Lease 1 provides that if all wells located on or pooled, utilized, or combined with the leasehold "are shut-in, suspended or otherwise not producing for any reason whatsoever," then the lease "shall nevertheless continue in force as though Operations were being conducted on the Leasehold" as long as the lessee continues to make royalty payments.[10] On December 9, 2010, Lease 1 and Lease 2 were "pool[ed] and unitiz[ed]" "with nearby acreage to form a 628.3 acre production unit."[11] This production unit contained an oil well that East MGMT, a Shell Oil Company affiliate,[12] had drilled beforehand.[13] This oil well does not produce.[14] SWEPI tenders annual $5 per acre "shut-in" payments to Plaintiffs.[15]

This Court has previously confronted lease terms analogous to Lease 1's and held that SWEPI's payment of "shut-in" royalties means that it continues to hold a non-producing lease, regardless of the reason why the lease is not producing.[16] Indeed, the United States Court of Appeals for the Third Circuit, in affirming this Court's previous decision, blessed a lease that "expressly permits SWEPI to extend

---

[10] ECF No. 1-2 at ¶ 5.

[11] ECF No. 1-1 at ¶ 34.

[12] ECF No. 1-1 at ¶ 26.

[13] *See* ECF No. 1-1 at ¶¶ 36-37.

[14] *See, e.g.*, ECF No. 1-1 at ¶¶ 38, 87.

[15] *See, e.g.*, ECF No. 1-1 at ¶¶ 7, 68.

[16] *See Messner v. Swepi, LP*, No. CIVA4:13-CV-00014, 2013 WL 4417723, at *7 (M.D. Pa. Aug. 14, 2013), *aff'd*, 574 F. App'x 96 (3d Cir. 2014); *see also Wheeland Family Ltd. P'ship LP v. Rockdale Marcellus LLC*, No. 4:18-CV-01976, 2019 WL 2868937, at *3 (M.D. Pa. July 3, 2019) (applying *Messner* to a like situation).

the lease beyond the primary term by payment of the Shut–In Royalty payment whenever the wells that have been drilled have been shut-in, or suspended, or otherwise are not producing for any reason whatsoever."[17]

The reasoning from this Court's previous decision applies here. Because SWEPI has made "shut-in" royalty payments per the terms of Lease 1, the Court will dismiss Plaintiffs' Count I against SWEPI as it relates to Lease 1.

## II. COUNT II(A) AND COUNT II(B)

In their claim that SWEPI has breached the implied covenant of good faith and fair dealing, Plaintiffs do not allege any independent breach of the terms of the relevant leases.[18] This proves fatal.[19]

Even if the Court were to construe that Plaintiffs had alleged an independent breach of lease terms, a claim for breach of the implied covenant of good faith and fair dealing "cannot override express terms of a contract."[20] Here, one of Lease 1's "express terms" permits the lessee "in its sole discretion, to pool, unitize or combine all or any portion of [Lease 1] with any other land or lands, whether

---

[17] *Messner v. SWEPI, LP*, 574 F. App'x 96, 98 (3d Cir. 2014).

[18] *See* ECF No. 1-1 at ¶¶ 143-56.

[19] *See Zaloga v. Provident Life & Acc. Ins. Co. of Am.*, 671 F. Supp. 2d 623, 631 (M.D. Pa. 2009) ("There is, however, no independent cause of action for a breach of the covenant of good faith and fair dealing—arising in contract—in Pennsylvania because such a breach is merely a breach of contract."); *Stewart v. SWEPI, LP*, 918 F. Supp. 2d 333, 344 (M.D. Pa. 2013) ("Plaintiffs' claim for breach of the covenant of good faith and fair dealing fails to state a claim upon which relief can be granted because plaintiffs have not alleged breach of contract.").

[20] *Wheeland*, 2019 WL 4687665, at *2.

contiguous or not contiguous, at any time before or after the drilling of a well so as to create one (1) or more drilling or production units."[21]  Further, another of Lease 1's "express terms" allows the lessee to extend a lease via shut-in royalty payments.  This case is like the Court's earlier decision in *Wheeland*.  In that case, the Court held that a plaintiff's claim for breach of the implied covenant of good faith and fair dealing could not "trump the express provisions of the contract" at issue, which expressly authorized pooling and the extension of lease terms via shut-in royalty payments.[22]

The Court can dispose of the other sub-section of this claim in quick fashion. Plaintiffs claim that SWEPI has breached the implied covenant to develop and produce oil and gas.  But Lease 1 contains an express disclaimer of any implied covenant to develop, noting that "[t]here is no express or implied covenant to develop the Leasehold within a certain timeframe, and there shall be no Lease forfeiture for an implied covenant to produce."[23]  "The law will not imply a different contract than that which the parties have expressly adopted.  To imply covenants on matters specifically addressed in the contract itself would violate this doctrine."[24]

---

[21]  ECF No. 1-2 at ¶ 12.

[22]  *Wheeland*, 2019 WL 4687665, at *4-*5.

[23]  ECF No. 1-2 at ¶ 17.

[24]  *Hutchison v. Sunbeam Coal Corp.*, 519 A.2d 385, 388 (Pa. 1986).

## III. COUNT III

Pennsylvania's Unfair Trade Practices and Consumer Protection Law only protects plaintiffs who have purchased or leased "goods or services primarily for personal, family, or household purposes and thereby suffers" a certain variety of loss.[25] Even assuming, for the purposes of this analysis, that Plaintiffs had leased the Leases in question from SWEPI, Plaintiffs have not alleged that they did so "primarily for personal, family, or household purposes."[26] Due to this deficiency, Plaintiffs cannot make out their Count III against SWEPI.[27]

**THEREFORE**, **IT IS HEREBY ORDERED** that:

1. Defendant SWEPI, LP's Partial Motion to Dismiss, ECF No. 7, is **GRANTED.**

2. Count I and Count II of Plaintiffs' Complaint, ECF No. 1-1, as they relate to Lease 1, are **DISMISSED WITH PREJUDICE** as to Defendant SWEPI, LP.

3. Count III of Plaintiffs' Complaint, ECF No. 1-1, is **DISMISSED WITHOUT PREJUDICE** in its entirety as to Defendant SWEPI, LP.

---

[25] 73 P.S. § 201-9.2(a); *see Keller v. Volkswagen of Am., Inc.*, 733 A.2d 642, 646 (Pa. Super. 1999).

[26] *See* ECF Nos. 1-1, 1-2, 1-3.

[27] *Hagerman v. Anadarko E&P Co.*, 2012 WL 6138479, at *4-*5 (M.D. Pa. Nov. 15, 2012).

4. Plaintiffs may submit an amended complaint with respect to Count III by April 7, 2020.[28] If no amended complaint is filed by that date, the action will be summarily dismissed pursuant to Fed. R. Civ. P. 41(b).

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[28] "The Federal Rules of Civil Procedure do not address the situation in which a deficiency in a complaint could be cured by amendment but leave to amend is not sought." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir.1997). "Circuit case law, however, holds that leave to amend must be given in this situation as well." *Id.* It is well settled in this circuit that leave to amend should be freely granted.